Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805 )
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorneys for Defendant NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER MONGE, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>Defendant. | Case No.  2:14-cv-00143-ODW-AS<br><br>ANSWER OF DEFENDANT NCO FINANCIAL SYSTEMS, INC. TO COMPLAINT |

Defendant NCO Financial Systems, Inc. ("NCO"), hereby answers the Complaint of Plaintiff Alexander Monge, as follows:

### NATURE OF THE CASE

1. NCO admits only that Plaintiff Alexander Monge purports to bring this action against NCO pursuant to the Telephone Consumer Protection Act (TCPA), on his own behalf and on behalf of others. Except as expressly admitted

herein, NCO denies the remaining allegations contained in ¶ 1 and expressly denies any wrongdoing, violation or liability under the TCPA.

## JURISDICTION AND VENUE

2. NCO admits that jurisdiction is proper under 28 U.S.C. § 1331. NCO denies the remaining allegations in ¶ 2.

3. NCO admits venue is proper, but otherwise denies the allegations in ¶ 3.

## PARTIES

4. NCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 4, and therefore denies the same.

5. NCO denies the allegations in ¶ 5.

6. NCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 6, and therefore denies the same.

7. NCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 7, and therefore denies the same.

## FACTUAL ALLEGATIONS

8. NCO denies the allegations in ¶ 8.

9. NCO admits it called 323-445-0206, after having obtained prior express consent to call said number. Except as expressly stated herein, NCO denies the remaining allegations contained in ¶ 9 of the complaint.

10. NCO denies the allegations in ¶ 10.

11. NCO admits the calls made to 323-445-0206 were not for an emergency purpose. Except as expressly stated herein, NCO denies the remaining allegations contained in ¶ 11 of the complaint.

12. NCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 12, and therefore denies the same.

13. NCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 13, and therefore denies the same.

14. NCO lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 14, and therefore denies the same.

15. NCO denies the allegations in ¶ 15.

## CLASS ALLEGATIONS

16. NCO denies that the putative class definition set forth in ¶ 16 sets forth a justiciable class of individuals with standing to sue under the TCPA, and futher denies the remaining allegations in ¶ 16.

17. NCO denies the allegations in ¶ 17.

18. NCO denies the allegations in ¶ 18.

19. NCO denies the allegations in ¶ 19.

20. NCO denies the allegations in ¶ 20.

21. NCO denies the allegations in ¶ 21, including subparagraph (a) through (c).

22. NCO denies the allegations in ¶ 22.

23. NCO denies the allegations in ¶ 23.

24. NCO denies the allegations in ¶ 24.

25. NCO denies the allegations in ¶ 25.

26. NCO denies the allegations in ¶ 26.

## FIRST CAUSE OF ACTION

27. NCO incorporates its responses to paragraphs 1 through 26 above as though fully set forth herein in response to ¶ 27.

28. NCO denies the allegations in ¶ 28.

29. NCO denies the allegations in ¶ 29.

30. NCO denies the allegations in ¶ 30.

## SECOND CAUSE OF ACTION

31. NCO incorporates its responses to paragraphs 1 through 30 above as though fully set forth herein in response to ¶ 31.

32. NCO denies the allegations in ¶ 32.

33. NCO denies the allegations in ¶ 33.

34. NCO denies the allegations in ¶ 34.

## PRAYER FOR RELIEF

NCO denies Plaintiff is entitled to any damages, denies any and all liability or wrongdoing and denies Plaintiff is entitled to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, NCO alleges on information and belief that Plaintiff's agent(s), Wendy Torrez, acting with actual or apparent authority, provided prior express consent to the City of Los Angeles Fire Department to be called at 323-445-0206, and later provided express consent to NCO to be called at said number on or about May 14, 2013. In knowingly releasing or providing the phone number during the transaction that resulted in the debt owed, and expressly consenting to be called at the called number, prior express consent to call was obtained prior to making any such calls.

///

///

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, NCO alleges the called number was previously assigned to a party, user or subscriber who consented to be called, NCO was without notice or knowledge that Plaintiff objected to such calls, and by virtue thereof, NCO possessed a secondary privilege that arose which permitted NCO to continue to act in accordance with the prior consent for a reasonable time and in a reasonable manner, and as such, any violation was neither negligent, knowing or willful. Restatement (Second) of Torts § 892A, cmt. i (1979).

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, NCO alleges that Plaintiff was not the called party, intended recipient, the regular user or the subscriber of the called number.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, NCO alleges that Plaintiff or Plaintiff's agent, having given the use of said cellular phone number to another who gave prior express consent, or Plaintiff's predecessor in interest having given prior express consent, amounts to waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, NCO alleges that Plaintiff having given the use of said cellular phone to another, and said other having expressly consented to be called by NCO, amounts to consent in fact, apparent consent, and conduct that would be understood by a reasonable person as indicating consent to NCO's conduct.

///

SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, NCO alleges one or more of the calls was made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers; one or more of the calls was made without using an artificial or prerecorded voice.

SEVENTH AFFRMATIVE DEFENSE

As a seventh affirmative defense, NCO alleges that because a party gave prior express consent, and said party is estopped from denying consent was given, the situation arising here is otherwise so unfair and inequitable to NCO that the party who gave consent should not be permitted to terminate his or her consent without adequate notice and an opportunity afforded to NCO to protect its interests.

EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, NCO alleges that one or more of the calls was made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers; one or more of the calls was made without using an artificial or prerecorded voice.

NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, NCO alleges Plaintiff's claims for damages are barred because any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than NCO and was beyond the control or supervision of NCO or for whom NCO was and is not responsible or liable.

NCO reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, NCO respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;
2. Judgment of dismissal be entered in favor of NCO;
3. NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit;
4. NCO be granted such other and further relief as the Court deems just and proper.

Dated: February 5, 2014           SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.C.

*/s/ Damian P. Richard*
Debbie P. Kirkpatrick
Damian P. Richard
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Attorneys for Defendant
NCO Financial Systems, Inc.