Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805 )
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:  619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorneys for Defendant NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER MONGE, individually and on behalf of all other similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>　　　　　　Defendant. | Case No.  2:14-cv-00143-ODW-AS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NCO FINANCIAL SYSTEMS, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO THE FIRST-TO-FILE RULE |

　　　Defendant NCO Financial Systems, Inc. ("NCO"), moves this Court for an order transferring this matter from the United States District Court, Central District of California to the Southern District of California pursuant to the First-to-File Rule.

　　　Transfer is warranted here in the interests of judicial efficiency and comity, as a prior putative nationwide class action brought for alleged violations of the

Memorandum of points and authorities in support of
NCO Financial Systems, Inc.'s Notice of Motion and
Motion to Transfer Venue Pursuant to
the First-to-File Rule

1

Telephone Consumer Protection Act (TCPA) was filed against NCO on January 16, 2013 in the United States District Court for the Southern District of California, captioned *Molnar et al. v. NCO Financial Systems, Inc*., Case No. 3:13-cv-00131-JLS-WMC (hereinafter referred to as the "*Molnar*" action). An amended complaint was filed in that case on December 6, 2013, so that the *Molnar* action now contains three named plaintiffs, Jeffrey Molnar, a resident of Ohio, Wesley Thornton, a resident of Virginia, and Aileen Martinez, a resident of California; said action was consolidated with a later filed putative nationwide TCPA class action filed against NCO in the same Court, captioned *House et al. v. NCO Financial Systems*, *Inc.* S.D. California Case No. 3:13-cv-00685 (hereinafter referred to as the "*House*" action), by order of the Honorable Judge Janis L. Sammartino dated November 22, 2013. The consolidated *Molnar-House* action was filed before this case was filed on January 7, 2014, and remains pending in the Southern District of California.

     The docket in the *Molnar* action is attached hereto as Exhibit A. The amended complaint in the *Molnar* action is attached hereto as Exhibit B. The current scheduling order entered in the *Molnar* action is attached hereto as Exhibit C. The docket in the *House* action is attached hereto as Exhibit D. The complaint in the *House* action is attached hereto as Exhibit E. The current scheduling order entered in the *House* action is attached hereto as Exhibit F. The docket in the *Monge* action is attached hereto as Exhibit G. The complaint filed in the *Monge* action is attached hereto as Exhibit H.

     Each complaint asserts NCO violated the TCPA by making calls to the Plaintiffs' cellular telephones. Exhibit B, pp. 4-6 ¶¶ 13-33; Exhibit E, pp. 4-5, ¶¶ 10-19; Exhibit H, pp. 3-4, ¶¶ 8-15.

Memorandum of points and authorities in support of
NCO Financial Systems, Inc.'s Notice of Motion and
Motion to Transfer Venue Pursuant to
the First-to-File Rule

2

Scheduling orders have been entered in both the *Molnar* action and the *House* action. Exhibit C, F. Discovery was commenced in both cases, and the two cases have been consolidated and are on the docket of Judge Sammartino. Exhibit A, D.

**I. Transfer of this putative nationwide TCPA class action to the Southern District of California is warranted under the First-to-File Rule.**

Under the generally recognized doctrine of federal comity, a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir.1982); *see also Apple Inc. v. Psystar*, 658 F.3d 1150, 1161 (9th Cir.2011). As a general rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter*, 678 F.2d at 95. In such cases, the court where the second action was filed may, in its discretion, stay, transfer, or dismiss the later-filed suit. *Cedars–Sinai Med. Center v. Shalala*, 125 F.3d 765, 769 (9th Cir.1997). The "first-to-file" rule serves the purpose of promoting judicial efficiency and "should not be disregarded lightly." *Pacesetter Sys.*, 678 F.2d at 94.

The first-to-file rule promotes judicial efficiency and reduces the risk of inconsistent decisions. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir.1991). In deciding whether to apply the first-to-file rule, a court considers: 1) the chronology of the actions; 2) the similarity of the parties; and 3) the similarity of the issues at stake. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir.1991).

Memorandum of points and authorities in support of
NCO Financial Systems, Inc.'s Notice of Motion and
Motion to Transfer Venue Pursuant to
the First-to-File Rule

3

Here, the chronology shows that both the Molnar and House putative nationwide TCPA class actions were filed before this action (*Molnar* on January 16, 2013; *House* on March 21, 2013), which was filed on January 7, 2014.

The *Molnar* putative nationwide TCPA class action allege the Plaintiffs were called on their cellular telephones by NCO in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii). NCO is a party to all the actions, and Plaintiff Monge would be a class member of the *Molnar* action. The parties in the two actions need only be substantially similar for the first-to-tile rule to apply. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Payless Shoesource, Inc*., No. C–11–1892 EMC, 2012 WL 3277222 at *3 (N.D.Cal. Aug.9, 2012).

Plaintiff Monge also alleges that he was called on his cellular telephones by NCO in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii). As such, substantially similar issues are at stake in these actions.

However, despite the *Molnar* case having been filed earlier, there has not been a significant amount of discovery completed. The parties in *Molnar* have exchanged some written discovery, but there have been no substantive motions filed and no depositions have been taken. Plaintiff Monge would not be prejudiced by the transfer.

Consequently, NCO requests that the Court transfer this action to the Southern District of California, as doing so would promote judicial efficiency and reduce the risk of inconsistent decisions. *Morningstar v. Dejun*, No. CV 11-00655, 2013 WL 2952577, *1 (C.D.Cal. Jun. 12, 2013); *Services Unlimited, S.A., de C.V. v. Agridyne, L.L.C*., No. CV 12-07557, 2012 WL 5870763, *2 (C.D.Cal. Nov 20, 2012); *Lifecare Intern., Inc. v. St. Jude Medical, Inc.*, No. CV-98-2263, 1998 WL 469868, *2 (C.D.Cal. Jun. 1, 1998).

Memorandum of points and authorities in support of
NCO Financial Systems, Inc.'s Notice of Motion and
Motion to Transfer Venue Pursuant to
the First-to-File Rule

4

### III. Conclusion

Because this action was filed nearly a year after the *Molnar* action was filed, and because the interest of justice a would be promoted by a transfer to the Southern District of California, NCO respectfully requests this Court transfer this case to the Southern District of California.

Dated: February 12, 2014         SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.C.

*/s/ Damian P. Richard*
Damian P. Richard
Attorneys for NCO Financial Systems, Inc.

Memorandum of points and authorities in support of
NCO Financial Systems, Inc.'s Notice of Motion and
Motion to Transfer Venue Pursuant to
the First-to-File Rule

5